# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.

ORR WATER DITCH CO., *et al.*,

    Defendants.

In Re: Tribe's Orr Ditch Petition

Case No. 3:73-cv-00003-LDG
In Equity A-3

**ORDER**

    The Pyramid Lake Piaute Tribe moves to clarify this Court's March 28, 2008, Order regarding the status of the City of Fernley (#921), to substitute Fernley pursuant to Fed. R. Civ. Pro. 25 as a successor-in-interest to certain parties/respondents originally named in the Tribe's petition (#922), and to amend its petition pursuant to Rule 15 (#919). In addition, the Tribe moves for partial summary judgment (#944). The court will clarify that Fernley is not a respondent, but will otherwise deny the Tribe's motions.[1]

---

[1] Fernley also moved to stay consideration (#971) of the Tribe's motion for partial summary judgment, and to file a surreply (#956). Those motions are now moot.

On April 7, 1993, the Pyramid Lake Paiute Tribe filed a petition in this litigation, generally seeking a determination that various water rights with the Truckee division of the Newlands Reclamation Project, which rights were adjudicated by the Orr Ditch Decree, do not exist because those rights were never perfected, or had been forfeited or abandoned. Doc. #7.  By order entered January 26, 1995, Doc. #104, the Tribe's First Amended Petition was filed on February, 6, 1995.  The Tribe successfully served process on only 44 of the approximately 500 respondents it had named and identified as owners of a challenged water right.  Prosecution of the petition was subsequently stayed, as the Tribe had not met its obligation to exhaust its administrative remedy through the Federal Water Master.

On March 28, 2008, the Court ordered the Tribe's petition dismissed, without prejudice, as to each unserved respondent.

The TCID also moved for the dismissal of the petition as it concerned persons or entities who had purchased a water right from a served respondent.  The TCID argued that such was appropriate because the Tribe had not filed a *lis pendens* against the lands notifying purchasers of the litigation regarding the water right.  As such, these successors had not necessarily received notice of the litigation in the purchase of the lands.  The Tribe did not oppose this argument of the TCID.  Accordingly, in its March 28, 2008, Order, the Court dismissed the Tribe's petition, without prejudice, as it concerned the water rights owned by persons or entities that had purchased a challenged water right from a served respondent.

Nearly nine months after the Court's order dismissing certain respondents, the Tribe has moved to clarify the status of Fernley.  As "clarification," the Tribe actually seeks a declaration that Fernley is a respondent (that was not dismissed by the March 28, 2008, Order) relative to water rights that the city acquired and which the Tribe challenged in the petition, because Fernley voluntarily appeared and participated in the petition litigation.  In

separate motions, the Tribe alternatively seeks to substitute Fernley as the successor-in-interest regarding the Tribe's challenge to the water rights of originally-named respondents, whether served or unserved.  Finally, the Tribe seeks leave of the Court to amend its petition to name Fernley as a respondent as to those water rights Fernley acquired that were specifically identified in the First Amended Petition.

      The obvious purpose of the Tribe's motions is revealed in its motion for partial summary judgment, filed three months after the other motions, but on the same date that the Tribe filed similar motions in the Alpine petition.  In the motion for partial summary judgment, the Tribe seeks a ruling that provisions of Assembly Bill 380, which changed the law governing forfeiture abandonment of certain water rights, "do not apply to any of the water rights that <u>remain</u> at issue in the Tribe's *Orr Ditch* Petition, <u>including the claims that were dismissed</u> without prejudice by this Court's March 28, 2008, order" (emphasis added). Underlying each of these motions is an attempt to avoid the application of Nev. Rev. Stat. 533.060, as amended by Assembly Bill 380, to the water rights as to which the Tribe's petition has already been dismissed, including the water rights acquired by Fernley.  As amended, §533.060(2) precludes a determination that a water right has been forfeited. Similarly, as amended, §533.060(3)(b) precludes a determination of abandonment regarding water rights appurtenant to land formerly used for agricultural purposes and that has been dedicated to a public body for municipal use.  These provisions "[d]o not apply to water rights that are under challenge in any legal or administrative proceeding which is pending on or before April 1, 1999."  AB 380, §7.1.  Thus, the Tribe seeks to establish either that Fernley is a respondent because it appeared in this matter, or that Fernley is a respondent because it is a successor-in-interest to served respondents, or that the petition should be amended to make Fernley a respondent retroactive to 1993, or that the amended provisions of §533.060 apply to water rights that are no longer under challenge in this petition, but as to which the petition has been dismissed.

3

Plainly, the motion for partial summary judgment is without merit. The Tribe incorrectly states that AB 380 §7.1 applies to water rights that "were '**under challenge** in a legal or administrative proceeding which [was] pending on or before April 1, 1999.'" (Underline added.) As noted, AB 380 §7.1 states "The amendatory provisions . . . [d]o not apply to water rights that are under challenge in any legal or administrative proceeding which is pending on or before April 1, 1999." While the present proceeding is a proceeding pending on or before April 1, 1999, the only water rights that are under challenge in this proceeding are those as to which the petition has not been dismissed. As to all other water rights (as to which the petition has been dismissed), those water rights are not under challenge in this petition.

Next, the Court would note that the Tribe never named or served Fernley as a respondent.

Nevertheless, the Tribe seeks to establish that Fernley is already a respondent because it voluntarily and actively appeared in this litigation. The Court disagrees. The docket does not reflect the appearance of Fernley in response to the Tribe's Orr Ditch petition.[2] That some parties to the Orr Ditch Petition served copies of notices and motions on Fernley does not establish that Fernley appeared or participated in the litigation. Accordingly, the Court will not decline to declare that Fernley is already a respondent in this litigation.

The Tribe next seeks a ruling, pursuant to Fed. R. Civ. P. 25(c), that Fernley is a successor-in-interest to all of the challenged water rights that it acquired, whether acquired from a served or unserved respondent. The 25(c) motion and the Tribe's argument exemplify the Court's concerns that led to the decision to dismiss the Tribe's petition as to

---

[2] At most, representatives of Fernley signed a document filed in the related, though separate, Alpine Petition. That petition concerns water rights in the Carson Division of the Newlands Project.

4

all water rights that are currently owned by persons or entities that have never been served. The Tribe elected to initiate this proceeding against more than 500 individuals or entities that owned water rights in the Truckee Division of the Newlands Reclamation Project. The Court ordered the Tribe to serve each respondent. The Tribe attempted service by mail, but received only 44 acknowledgments. The Tribe did not attempt to serve the remaining named respondents in any other manner provided by law. As the petition seeks to challenge each respondent's water rights on the basis of forfeiture, abandonment or lack of perfection, the petition cannot be prosecuted against any respondent that the Tribe failed to properly serve. *See United States v. Alpine Land & Reservoir Co.*, 983 F.2d 1487 (rejecting project-wide analysis of abandonment and requiring questions of abandonment, forfeiture, or perfection to be considered solely as to the appurtenant land). As the Court has previously indicated, its prior orders requiring the identification of each owner of land whose appurtenant water rights were being challenged, and the joinder and service of each such owner as a respondent, reflected the Court's determination that each owner of a water right must be individually served, and each owner must be provided an opportunity to individually defend the water rights owned by that respondent.

The Tribe had also filed a parallel petition relative to the Carson Division of the Newlands Reclamation Project (the "Alpine petition"). For challenges to water rights in the Carson Division, however, the Alpine Decree expressly required the Tribe to first exhaust its administrative remedies with the Federal Water Master. The Court rejected the Tribe's argument that it had complied with this requirement by merely serving a copy of its petitions on the Federal Water Master. Further, as an exercise of its inherent power, and because this Court sits in equity in this matter, the Court required the Tribe to first exhaust its administrative remedies with the Federal Water Master as to its Orr Ditch Petition.

As the Tribe previously represented to this Court, it elected to delay exhausting its administrative remedies so that key legal issues could be resolved in other, pending

5

1  litigation.  Once those legal issues were resolved, the Tribe again elected to delay
2  exhausting its administrative remedies to pursue an alternative resolution regarding some
3  challenged water rights through the A.B. 380 program.  That program was created as part
4  of the same legislation that amended §533.060.  The Court is well aware, and the docket
5  confirms, that the A.B. 380 program served the Tribe well, as it achieved an underlying
6  purpose of the petitions--the retirement of a significant quantity of water rights--without
7  requiring the Tribe to prosecute its challenges.  As a result, for fifteen years the Tribe has
8  elected to not exhaust its administrative remedies, and has thus elected to delay its
9  prosecution of this matter.

10       Rule 25(c) indicates that an action may be prosecuted against an original party who
11  has transferred its interest underlying the litigation or, upon a properly served motion,
12  against the transferee as a substituted party upon order of the Court.  As to the Tribe's
13  petition, however, the Tribe has elected to delay the prosecution of its challenges.  Other
14  than having served the original respondents, the Tribe's prosecution of this matter has
15  largely been limited to arguing that its petition should not be dismissed for lack of
16  prosecution.  While the Tribe served the petition on the owners of the water rights, the
17  nature of the petition is more akin to a quasi-in-rem action against the water rights.  Given
18  the Tribe's election to not timely exhaust its administrative remedies, an election first
19  revealed to the Court years after the Court ordered the Tribe to exhaust its remedies,
20  hindsight now suggests that the Court should have dismissed the petitions without
21  prejudice rather than staying the petitions.  Nevertheless, the Court has previously
22  concluded, and again concludes, that the Tribe's delay in exhausting its administrative
23  remedies did not unduly prejudice the served respondents to the extent those respondents
24  continue to own the underlying water rights for which they were originally served.  The
25  same, however, cannot be said of current owners of challenged water rights that were
26  never served with respect to the water rights they now own.  Accordingly, in its Order of

6

March 28, 2008, the Court dismissed the Tribe's petition to the extent it challenged the water rights of any current owner that the Tribe did not serve with respect to the challenged water rights, including those current owners who purchased the water rights from a served respondent.

As should be apparent, the Tribe's Rule 25(c) motion is untimely and moot.  The Court's Order of March 28, 2008, dismissed the Tribe's <u>petition</u> except to the extent that the petition challenged water rights that are still owned by the respondents that the Tribe served with respect to those water rights.  The appropriate party to defend a challenged water right is not a prior owner, but the current owner that was duly served with respect to the challenged water right.  As a necessary result of dismissing the petition, except as to the served respondents, no challenge remains pending against any water right currently owned by a person or entity that was not served with respect to that water right, regardless of whether a predecessor-in-interest to the water right was served.  Stated otherwise, the court dismissed the petition not only as to every unserved respondent, but also as to every served respondent to the extent the served respondent transferred the underlying water right to a new owner.  Accordingly, the Tribe's Rule 25(c) motion must be denied as untimely and moot because no person or entity remains as a party to the Tribe's petition for whom Fernley can now be substituted.

Just as the Court dismissed the Tribe's petition except as to those respondents who were served and who still own the underlying challenged water rights because of the undue prejudice to current water right owners that were never served, the Court will deny, as unduly prejudicial to Fernley, the Tribe's motion to amend its petition to add Fernley as respondent.

Accordingly, for good cause shown,

THE COURT **ORDERS** that the Pyramid Lake Paiute Indian Tribe's Motion to Amend Petition Pursuant to Fed. R. Civ. P. 15 (#919) is DENIED;

1    THE COURT FURTHER **ORDERS** that the Pyramid Lake Paiute Indian Tribe's Motion to Substitute City of Fernley Pursuant to Fed. R. Civ. P. 25 as Successor-in-Interest to Certain Parties/Respondents Originally Named in Petition (#922) is DENIED;

THE COURT FURTHER **ORDERS** that the Pyramid Lake Paiute Indian Tribe's Motion for Partial Summary Judgment (#944) is DENIED;

THE COURT FURTHER **ORDERS** that the City of Fernley's Motion for Stay of Consideration (#971) of the Pyramid Lake Paiute Tribe's Motion for Partial Summary Judgment is DENIED as moot;

THE COURT FURTHER **ORDERS** that the City of Fernley's Motion for Leave to File a Surreply (#956) is DENIED as moot;

THE COURT FURTHER **ORDERS** that the Pyramid Lake Paiute Indian Tribe's Motion to Clarify this Court's March 28, 2008, Order Regarding Status of City of Fernley is GRANTED as follows:

The Court further **CLARIFIES** that the March 28, 2008, Order dismissed, without prejudice, the Pyramid Lake Paiute Tribe's Orr Ditch Petition as against each and every respondent, whether served or unserved, who is a predecessor-in-interest to the water rights acquired from those respondents by any current owner of the underlying challenged water right, including the City of Fernley.  The City of Fernley was not and is not a respondent.

This Court's March 28, 2008, Order is **AMENDED** by adding the following sentences at Page 12, line 14:  "That is, the Tribe's petitions are DISMISSED, without prejudice, as to each served respondent who transferred to another person or entity, subsequent to acknowledging service, their interest in the underlying water right for which the served

respondent acknowledged service.  Any served respondent who transferred only a portion of an underlying water right is dismissed only to the extent of the transferred water right."

DATED this ___ day of October, 2009.

_____
Lloyd D. George
United States District Judge