# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>THE ORR WATER DITCH CO., *et al.*,<br><br>    Defendants.<br><br>Re: Motion to Amend Orr Ditch Decree | Case No. 3:73–cv-00003-LDG<br><br>**NOTICE of Case Management Conference**<br><br>**ORDER** |

This Notice and Order concerns only the pending Motion to Amend the Orr Ditch Decree.

**Case Management Conference**

You are **NOTIFIED** that the Court has scheduled a Case Management Conference for Monday, October 4, 2010, at 10:00 a.m., in a courtroom in the Bruce R. Thompson U.S. Courthouse, 400 S. Virginia St., Reno, NV 89501.  (The courtroom will be determined at a later time, and will be posted in the Courthouse on the date of the Conference.)

A purpose of the Case Management Conference will be to establish a schedule and any other appropriate procedures necessary for the resolution of Motion to Amend the Orr Ditch Decree on its merits.

An additional purpose of the Case Management Conference will be to discuss the procedures that the Court has previously adopted and is adopting by this Order intended to ensure that all parties, including all water right owners who have filed Notices of Appearance, will receive proper notice and service of documents.  This discussion will also address the procedures adopted by the Court intended to ensure meaningful participation of all participants in these proceedings.

The Case Management Conference will <u>not</u> address the merits of the Motion to Amend the Orr Ditch Decree.

**Filing of a Written Statement in Preparation for Case Management Conference**

In preparation for the Case Management Conference, the Court invites the filing of written statements regarding a party's position or proposal on issues of notice, service, meaningful participation, scheduling, and other appropriate procedures necessary for the resolution of the Motion to Amend the Orr Ditch Decree.  Represented parties must file such written statements, if any, not later than Friday, September 3, 2010.  Represented parties may file a response, if any, not later than Friday, September 10, 2010. Unrepresented water right owners may file a written statement or a response, if any, not later than Friday, September 24, 2010.

The Court invites parties to address the issue of ensuring adequate access to copies of documents filed with the Court, and in particular the maintenance of copies of documents at locations other than the Court.

**Number of Persons Who Will Be Attending**

To permit the Clerk of the Court to ensure adequate facilities for the Case Management Conference, all persons planning on attending the Conference must so inform the Court not later than Friday, September 10, 2010.

If you received this Notice and Order by e-mail, please respond by e-mail addressed to:   Reno_Intake@nvd.uscourts.gov

If you received this Notice and Order by regular mail, please respond by regular mail addressed to:

> U.S. District Court Clerk
> Attn: A-3 Notice Clerk
> Bruce R. Thompson U.S. Courthouse
> 400 S. Virginia St. #301
> Reno, NV 89501

The correspondence must identify the number of persons who will be attending.

**Additional Procedures Adopted by the Court**

The following sets forth (a) procedures that the Court is adopting or modifying, and (b) existing procedures and rules that the Court will enforce, to ensure that all parties (including all water right owners who have filed Notices of Appearance) will receive appropriate notice and service and will have a meaningful opportunity to participate in proceedings related to the Motion to Amend the Orr Ditch Decree.

**Written Motions Must be Served on All Parties**

Pursuant to Rule 5(a)(1)(D) of the Federal Rules of Civil Procedure, a written motion (except one that may be heard *ex parte*) must be served on every party.

Rule 5(c) does not excuse the service of written motions on water right owners. First, Rule 5(c) only excuses service in actions involving an unusually large number of defendants.  At present, while all water right owners have been permitted to appear and participate in the Motion to Amend, those who filed appearances have not necessarily appeared in opposition to the Motion.  Given the unique nature and posture of the Motion to Amend the Orr Ditch Decree, water right owners may elect to participate in support of or in opposition to the Motion.  Second, Rule 5(c) excuses the service of "pleadings and replies to them."  Pleadings, which are defined in Rule 7, do not include written motions. Accordingly, any party filing a written motion (other than one which may be heard *ex parte*) <u>must</u> serve (and certify the serving of) the written motion on each party and each water right owner, including those who are not represented by counsel.

The court would note that, to facilitate the service of papers, the Court has permitted unrepresented water right owners to become receiving users of the Court's CM/ECF system solely to receive documents that are filed relevant to the Motion to Amend Decree. The service of written motions to water right owners participating as receiving users of the CM/ECF system comports with Rule 5(b)(2)(E), as each consented in writing to the delivery of documents by electronic means.

Service of a written motion upon unrepresented water right owners who have not consented to electronic delivery remains subject to Rule 5(b)(2).

**The Filing of Points and Authorities in Support of a Written Motion**

A party that files a written motion must file points and authorities in support of the motion.  The Court will consider the failure of a party to file points and authorities in support of its written motion to be a consent to the denial of the motion.  *See* Local Rule 7-2(d).  To ensure that other parties are not required to needlessly expend resources to oppose an

unsupported motion, the Court will not require briefing on any such motion, but will deny and strike the motion.

**The Filing of Points and Authorities in Response to a Written Motion**

Generally, a party's failure to file points and authorities opposing a motion constitutes that party's consent to the granting of the motion. *See* Local Rule 7-2(d). The court will modify the application of this Local Rule as follows:

The Court will consider the failure to file points and authorities in opposition to a motion to be a consent to the granting of the motion only if no party files points and authorities in opposition. Otherwise, if an opposition is filed by one party, the court will neither presume consent nor opposition by another party's decision to not file points and authorities in response to a motion.

**Modification of Briefing Schedule for Written Motions**

To ensure that all water right owners have an opportunity to meaningfully participate, the Court will modify the briefing schedule for each written motion. Pursuant to this modification, unrepresented water right owners will have an opportunity to file a written response after points and authorities are filed by represented parties. This will permit unrepresented water right owners an opportunity to first review the arguments presented by counsel both in support of and in opposition to any written motion. By providing this opportunity to file a written response, the Court is not obligating unrepresented water right owners to file a response. Rather, the Court is only providing an opportunity to do so.

Accordingly, the Court will modify the briefing schedule for written motions as follows: Immediately upon the filing of a written motion, the Court will enter an order establishing a briefing schedule that establishes date certain deadlines. For parties who are represented by counsel, the deadline to file an opposition will be approximately three

weeks after the motion is filed.  The Court would request that counsel engage in efforts to jointly file points and authorities.  For water right owners who are not represented by counsel, the deadline to file a response to a motion, <u>whether in support of or in opposition to the motion</u>, will be approximately four weeks after the motion is filed.[1]  Finally, the deadline for the moving party to file points and authorities in reply will be approximately five weeks after the motion is filed.

**The Service of Points and Authorities on CM/ECF Users**

Federal Rule of Civil Procedure Rule 5(a)(1) does not require that points and authorities be served on every party.  Nevertheless, unless ordered otherwise, service of points and authorities is required by Local Rule 7-2(a-c).  The Court will continue to require that points and authorities be served on all parties and water right owners represented by counsel.  In addition, the Court will continue to require points and authorities be served on all unrepresented water right owners who have elected to participate as a receiving user of the CM/ECF system.

The court would note that, to facilitate the service of papers, the Court has permitted unrepresented water right owners to become receiving users of the Court's CM/ECF system solely to receive documents that are filed relevant to the Motion to Amend Decree.  The service of documents to water right owners participating as a receiving user of the CM/ECF system comports with Rule 5(b)(2)(E), as each consented in writing to the delivery of documents by electronic means.

---

[1] The Court notes that water right owners who are not represented by counsel are not under any obligation to file points and authorities.  Rather, the court is merely ensuring that every water right owner who wishes to file points and authorities will have an opportunity to do so.

**Notice of Points and Authorities to Parties Not Receiving Service by CM/ECF**

The Court will relieve parties and water right owners of the requirement that they serve points and authorities on those water right owners who have not consented to the electronic delivery of documents. The Court will, however, require that such water right owners who are <u>not</u> served with the points and authorities must nevertheless be served with a written notice regarding the points and authorities.

For parties who are represented by counsel, if you file points and authorities, then counsel must either serve the points and authorities or serve a written notice regarding the points and authorities on every water right owner who is not receiving service through CM/ECF. Those parties who elect to serve a written notice <u>must</u> serve the written notice on every party and water right owner. *See* Fed. R. Civ. P. 5(a)(1)(E). The written notice must briefly summarize the points and authorities and must instruct the recipient as to all locations where a copy of the points and authorities may be reviewed and copied. Service of the written notice upon unrepresented water right owners who have not consented to electronic delivery remains subject to Rule 5(b)(2).

For parties who are not represented by counsel, if you file a response to a written motion, you need only file the response with the Court. The Court will prepare and serve a written notice on all parties identifying all responses that were timely filed by unrepresented water right owners.

**IT IS SO ORDERED.**

DATED this 13 day of August, 2010.

Lloyd D. George
United States District Judge