

ROGER A. BERGMANN
State Bar No. 733
A Professional Corporation
4947 W. Lakeridge Terrace Lane
Reno, Nevada 89509

Attorney for Garry D. Stone, Water Master

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

* * * * *

THE UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ORR WATER DITCH COMPANY, et al.,

    Defendant.
_____/

IN EQUITY
No. A-3 LDG

ORDER APPROVING WATER MASTER'S BUDGET FOR 2011-2012; CREATING AN ASSESSMENT TO REPLENISH THE FUND HERETOFORE ESTABLISHED TO PAY THE EXPENSE OF CONDUCTING THE WATER MASTER'S OFFICE; CREATING A SPECIAL ASSESSMENT TO CONTINUE THE FUND HERETOFORE ESTABLISHED TO PAY THE EXPENSE OF SPECIAL ADMINISTRATION OF STEAMBOAT CREEK AND THE WASHOE LAKE OR UPPER STEAMBOAT CREEK AND THE WASHOE LAKE RESERVOIR; APPORTIONING THE COSTS THEREOF; AND PROVIDING THE MANNER AND METHOD FOR COLLECTION THEREOF; AND APPROVING THE WATER MASTER'S <u>ADMINISTRATION OF THE DECREE FOR 2010-2011</u>

    **BE IT REMEMBERED** that the petition of GARRY D. STONE, Water Master appointed herein to administer the Final Decree entered on September 8, 1944, asking that an assessment be created to replenish the fund heretofore established to pay the expenses of conducting the office of the Water Master, and a special assessment be created to replenish the fund heretofore established to pay the expense of his special administration of Steamboat or Galena Creek,

Washoe Creek or Upper Steamboat Creek and the Washoe Lake Reservoir, and approving the Water Master's administration of the Decree for 2010-2011, and approving the filing of an audit for 2010-2011, by January 15, 2012, and for such other action as might seem meet and proper in the premises, filed with the Clerk of this Court on August 19, 2011, having come on for hearing this date pursuant to proper notice, and all parties having the opportunity to be heard on objections filed, and good cause appearing,

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the estimated general budget for the period from October 1, 2011, to September 30, 2012, submitted by the Water Master on August 19, 2011, as part of his petition, is hereby approved.

2. That in order to provide a means for the payment of further expense of conducting the office of the Water Master, particularly for the period from October 1, 2011 to September 30, 2012, there is hereby created an assessment in the sum of FOUR HUNDRED FIFTY THOUSAND DOLLARS ($450,000.00) to replenish the fund heretofore established, and that the same be, and hereby is apportioned to be paid and borne as provided in the Final Decree, to wit:

> One-third by the United States of America,
> one-third by the Sierra Pacific Power Company,
> and the remaining one-third by the remaining
> persons or corporations whose rights are
> adjudicated by this Decree.

3. That the Truckee-Carson Irrigation District and the

1 Bureau of Indian Affairs of the United States of the Interior be,
2 and they hereby are, ordered and directed to pay the office of the
3 Water Master in this case, as their apportioned one-third
4 assessment, the sum of ONE HUNDRED FIFTY THOUSAND DOLLARS
5 ($150,000.00); that NINETY-TWO and ONE-HALF PERCENT (92-1/2%) of
6 said amount, being the sum of ONE HUNDRED THIRTY-EIGHT THOUSAND
7 SEVEN HUNDRED FIFTY DOLLARS ($138,750.00), is to be borne by the
8 Truckee-Carson Irrigation District for Newlands project lands, and
9 SEVEN and ONE-HALF PERCENT (7-1/2%) of said amount, being the sum
10 of ELEVEN THOUSAND TWO HUNDRED FIFTY DOLLARS ($11,250.00), is to be
11 borne by the Bureau of Indian Affairs of the United States
12 Department of the Interior for Pyramid Indian lands, such
13 assessment to be paid on or before January 15, 2012.

  4. That defendant, Sierra Pacific Power Company, be, and it is hereby ordered, and directed to pay the office of the Water Master in this case, as its apportioned one-third of the assessments, the sum of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00), the assessment to be paid on or before January 15, 2012.

  5. That the "remaining persons or corporations whose rights are adjudicated by this Decree, or their successors in interest", be, and they hereby are, ordered and directed to pay as their apportioned one-third of the assessment, the total sum of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00), payable as more specifically hereinafter set forth.

  6. That Washoe County Water Conservation District be, and it hereby is, directed to levy and collect prorata assessments from

the remaining persons or corporations whose rights were adjudicated by this Decree and whose lands are within the boundaries of the Washoe County Water Conservation District in the amount of SIXTY-FIVE PERCENT (65%) of their apportioned one-third shares of the total assessments provided for in this Decree, being the sum of NINETY-SEVEN THOUSAND FIVE HUNDRED DOLLARS ($97,500.00); that Washoe County Water Conservation District be, and it hereby is, directed to allocate said sum among it members as aforesaid, according to a schedule of charges based upon acreage, including minimum charges applicable to fractional acreage, which schedule shall be subject to the approval of the Water Master, and that the Washoe County Water Conservation District shall pay the aforesaid sums collected by such District for the Water Master on or before January 15, 2012.

    7.   That the remaining persons or corporations whose rights were adjudicated by this Decree and whose lands are outside of the boundaries of the Washoe County Water Conservation District be, and hereby are, ordered and directed to pay THIRTY-FIVE PERCENT (35%) of their apportioned one-third share of the total assessments provided for in this Decree, being the sum of FIFTY-TWO THOUSAND FIVE HUNDRED DOLLARS ($52,500.00); that the Water Master, GARRY D. STONE, be, and hereby is, directed to collect such sums as aforesaid according to a schedule of charges, which charges shall be paid to the Water Master on or before January 15, 2012, as follows:   The minimun assessment of SEVENTEEN DOLLARS AND NO CENTS ($17.00) against those parties owning fifty (50) acre-feet or less; against those parties owning more than fifty (50) acre-feet, the

1  sum of THIRTY-FIVE CENTS ($.35) for each acre-foot.

2    8.    That the Water Master, GARRY D. STONE, be, and hereby is, directed to continue to maintain as part of the Water Master's fund, a separate bank account or accounts known as the "Excess Payment Account" heretofore established pursuant to an order of this Court, only as to the assessments collected from the remaining persons or corporations whose lands are outside the boundaries of the Washoe County Water Conservation District, and who are responsible for THIRTY-FIVE PERCENT (35%) of their apportioned one-third share of the total assessments provided for in this Decree; and that any excess sums which are collected and deposited in said account shall be held in such account, and subject to disbursement only as may be directed from time to time by this Court.

    9.    That the Water Master's estimated excess payments account budget for the period from October 1, 2011 to September 30, 2012, submitted by the Water Master on August 19, 2011, as part of his petition herein, is hereby approved.

    10.    That the Water Master's report and audit for the fiscal year ending September 30, 2011, shall be filed with the court by January 15, 2012.

    11.    That the Water Master is granted authority to continue the additional duties of supplying hydraulic data and assisting in the coordination of the operation of the Prosser Creek and Stampede Reservoirs in the State of California pursuant to a request therefore made by the Bureau of Reclamation of the United States Department of the Interior, his services in that connection to be compensated for at a sum not to exceed ONE HUNDRED FIFTY THOUSAND

1  DOLLARS ($150,000.00) per year; that the Prosser Creek and Stampede
2  Reservoirs' operation budget for the period from October 1, 2011,
3  to September 30, 2012, submitted by the Water Master on Petition
4  filed August 19, 2011, is hereby approved.
5      12.  That all monies collected from the Bureau of Reclamation
6  of the United States Department of the Interior pursuant to this
7  Order shall be deposited by the Water Master in a special fund of
8  the Water Master's office.
9      13.  That the Water Master shall include in the annual report
10 and audit by a certified public accountant, required to be filed by
11 him with the Court on or before January 15, 2013, a report
12 concerning his services rendered the Bureau of Reclamation of the
13 United States of the Interior for the period ending on September
14 30, 2012, and an audit of the monies collected and expended by him
15 in connection with such services.
16     14.  That the Budget submitted by the Water Master on August
17 19, 2011 as an Exhibit "B" (Special Fund) to his petition, as the
18 necessary expenses to be incurred by the Water Master in
19 administrating the provisions of the Final Decree relating to
20 Steamboat or Galena Creek, Washoe Creek or Upper Steamboat Creek
21 and the Washoe Lake Reservoir from October 1, 2011 to September 30,
22 2012 is hereby approved.
23     15.  That in order to provide a means for the payment of the
24 additional necessary expenses to be incurred by the Water Master in
25 administering the provisions of the Final Decree relating to
26 Steamboat or Galena Creek, Washoe Creek or Upper Steamboat Creek
27 and the Washoe Lake Reservoir for the period from October 1, 2011,
28

to September 30, 2012, there are hereby created special assessments in the total sum of SEVENTEEN THOUSAND FIVE HUNDRED DOLLARS ($17,500.00), more or less, as shown in the Special Assessment Roll on the records of the Water Master, to continue the fund heretofore established on July 27, 1962, by an Order of this Court for special administration.

16. That the water users named in the Special Assessment Roll on the records of the Water Master, be, and they hereby are, ordered and directed to pay the office of the Water Master the sums of money specified as their share of such special assessments in such Special Assessment Roll on or before January 15, 2012.

17. That all monies collected as such special assessments pursuant to this order, shall be deposited by the Water Master in a special fund of the Water Master's office.

18. That the Water Master shall include in the annual report and audit by a certified public accountant, required to be filed by him with the Court on or before January 15, 2013, a report concerning his special administration of the water of Galena or Steamboat Creek, Washoe Creek or Upper Steamboat Creek and the Washoe Lake Reservoir for the period from October 1, 2011 to September 30, 2012, and an audit of the special assessment monies collected and expended by him in the supervision of such stream system for said period.

19. That the Water Master shall continue to operate the reservoirs of Boca and Lake Tahoe.

20. That each and all of the various assessments and special assessments above stated and apportioned to the various parties

1  hereto are hereby adjudged to the extent of the various assessments
2  and special assessments to be a charge and obligation taxable and
3  payable as costs in this action, the same as if entered in a
4  judgment or decree, and to be and remain until paid, a first lien,
5  against all right, title and interest of the above-named
6  defendants, intervenors, parties or persons, and their predecessors
7  and successors in interest, in the lands, ditches, water and water
8  rights and works owned or claimed by them, or as shown, appearing,
9  mentioned or described in the findings or in the papers in this
10 case.
11      21.  That if any of the sums so assessed, apportioned and
12 allowed remain unpaid thirty (30) days after the date mentioned for
13 the payment thereof, attachments for contempt may issue against the
14 party or parties failing to make any payments so ordered to be
15 made, and execution may issue for the recovery, satisfaction or
16 obtaining of payment thereof against the parties, intervenors or
17 persons liable for the payment thereof as above allowed, and
18 against their right, title and interest in the lands, ditches,
19 water and water rights and works, and other property, whether
20 conveyed after the commencement of this suit or not; and the same
21 may be seized and sold to pay and satisfy such amount so allowed
22 and remaining unpaid, together with costs, the same as in cases of
23 foreclosure of mortgage and liens, or upon judgment in ordinary
24 actions at law or in equity, and the Water Master is hereby
25 authorized and empowered to shut off the water of any party failing
26 to make any payments assessed against him or her, or his or her
27 water rights, at the time or times at which the same should be
28

made, such water to remain shut off until such time as any such payments shall be made, and the costs of shutting off such water shall be assessed against any such party.

22. That the Water Master, GARRY STONE, be, and hereby is, directed to continue in effect the surety bond in the sum of FIFTY THOUSAND DOLLARS ($50,000.00) heretofore provided pursuant to his order of appointment for the faithful performance of his duties as custodian of such funds and the property that may be in his care.

23. That the operation and administration of the Water Master's office in administering the provisions of the Final Decree for the period from October 1, 2010 to September 30, 2011, is hereby approved.

24. That the parties in interest must notify the office of the Water Master when title to a water right is changed, and that the Water Master shall not be required to deliver water to any new owner unless written notice of such change is received by the Water Master's office.

25. That the Water Master is directed to create a funded account pursuant to existing Personnel and Benefits Policy to cover the cost of continuing health insurance on qualified personnel, upon their retirement, and that the cost shall be included in the Water Master's Budget each year until such time as the earned benefit is exhausted.

26. That the Clerk of this Court give notice of the required payments to be made by each water user by mailing a copy of this Order and the Notice annexed hereto to each of the attorney's appearing of record for the Plaintiff and sundry Defendants in this

1  cause within five (5) days of the entry of this Order; the Water
2  Master is further directed to give such notice to the parties
3  hereto and their successors and assigns by publishing a copy of the
4  Notice annexed hereto in the Reno Gazette-Journal once a week for
5  two (2) successive weeks.
6     This Order is made subject to such further orders as the Court
7  may deem proper to make hereafter regarding this Order for the
8  compensation or expenses of the Water Master and his assistants or
9  the payment thereof.
10     DATED this 13 day of Dec 2011

                                            _____
                                            DISTRICT JUDGE