THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | ) | Case No. 3:73-cv-00003-LDG |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | **MODIFYING THE FINAL** |
| v. | ) | **DECREE ENTERED IN** |
| | ) | **THIS CASE IN 1944** |
| THE ORR WATER DITCH CO. | ) | |
| | ) | |

The Court has considered the Amended Motion of the United States, State of California, State of Nevada, Pyramid Lake Paiute Tribe, Truckee Meadows Water Authority, the Washoe County Water Conservation District, and the City of Fernley to Modify or Amend the Final Decree Entered in this Case in 1944, all evidence in support thereof, all oppositions thereto, and evidence in support thereof. The Court finds and concludes: that the Moving Parties have satisfied their burden of showing both significant changes in law and in factual conditions since the Final Decree was entered in this case in 1944; that those changes make it no longer equitable that certain provisions of the Final Decree concerning the operation of Lake Tahoe and Boca Reservoir should continue to have prospective application; and that continuing to give those provisions prospective application is not in the public interest. The Court further finds and concludes that the proposed modifications to the Final Decree, which include both changes and additions, are suitably tailored to resolve the problems created by the changed legal and factual conditions.

NOW, THEREFORE, and good cause having been shown, the Amended Motion to Modify or Amend is GRANTED, and it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. Notwithstanding anything to the contrary in the sixth paragraph or the last paragraph of the General Provisions of the Final Decree entered September 8, 1944, including any amendments thereto made prior to the entering of this Order ("1944 Decree") or in the Truckee River Agreement

dated July 1, 1935, which was previously approved, adopted by the Court, and made a part of the 1944 Decree ("Truckee River Agreement"), and subject to the provisions of paragraphs 9 through 11 and paragraph 15 of this Order, Lake Tahoe, Boca Reservoir, Prosser Creek Reservoir, Stampede Reservoir, Donner Lake and Independence Lake shall be operated in accordance with the terms and conditions of the Truckee River Operating Agreement signed September 6, 2008 ("Truckee River Operating Agreement").

2.     Except as provided in paragraphs 3 through 7 of this Order, the Truckee River Agreement which was previously approved, adopted  by the Court, and m ade a part of the 1944 Decree, is superseded by the Truckee River Operating Agreem ent, and is of no further force and effect, and the 1944 Decree be, and the same hereby is, amended accordingly.

3.     Articles  IX and XXIII of the Truckee     River  Agreement  which was previously approved, adopted by the Court, and m ade a part of the 1944 Decree shall rem ain in effect with respect to Privately Owned Stored W ater owned by persons who are not Signatory Parties to the Truckee River Operating Agreement.

4.     Articles II(A), II(B), II(D)(1), X, XI,   XII, XX, and XXVII of the Truckee River Agreement which was previously approved, adopted  by the Court, and m ade a part of the 1944 Decree were required to have been performed before or simultaneous with the entry of said 1944 Decree and as a result of the entry of said 1944 Decree on September 8, 1944 it was determined that such Articles were fully executed and performed or that such performance was not required.

5.     With respect to the allocation of  existing operating expenses of Boca Reservoir, Article II(C)(1) and with respect to ownership of  Pondage, Article II(C)(2) of the Truckee River Agreement which was previously approved, adopted  by the Court, and m ade a part of the 1944 Decree never became operative as a result of  an agreement dated January 15, 1937, am ong the

United States of America, the Washoe County Water Conservation District and Sierra Pacific Power Company.

6.     Except as provided in Sections 5.A.7 and 5.A.8 of the Truckee River Operating Agreement, Articles V and VII, and except as pr ovided in paragraph 14 of this Order, Article XXV(B) of the Truckee River Agreement which was previously approved, adopted by the Court, and made a part of the 1944 Decree, shall remain in effect.

7.     Articles VIII, XIII and XXV (C),( G)(1) and (G)(2) of the Truckee River Agreement which was previously approved, adopted by the Court, and made a part of the 1944 Decree, shall remain in effect.

8.     Subject to the provisions of paragraphs 9 through 11 and paragraph 15 of this Order, the Truckee River Operating Agreement is hereby approved, adopted by the Court and made a part of the Decree, and shall be binding as between the Signatory Parties to the Truckee River Operating Agreement.   The Federal W ater Master for th e  Truckee River is hereby appointed as the Administrator of the Truckee River Operating Agreement, and is ordered to implement the Truckee River Operating Agreement as the operating agreement for this Decree.

9.     This Court retains and reserves jurisdiction to enforce and administer the provisions of Section 1.C.1 of the Truckee River Operating Agreement.

10.     In addition to any rem edy which may be available pursuant to the retention and reservation of continuing jurisdiction under para graph 9 above, the Adm inistrator charged with implementing  the Truckee River Operating Agr   eement shall im plement  and adm inister  the provisions of Section 1.C.2 of the Truckee River Operating Agreement.

11.     When water is not available to satisfy water rights under the 1944 Decree as amended by this Order, because of im plementation of Section 204(b) and Section 204(c) of the Truckee-Carson-Pyramid Lake W ater Rights Settlem ent Act of 1990, Pub. L. 101-618, 104 Stat. 3294

("Settlement Act") or as a result of the voluntary relinquishment of water rights, the provisions of paragraphs 9 and 10 above do not apply.

12.     State of Nevada Permit Nos. 48061 and 48494 dated March 3, 2009, are hereby confirmed and incorporated into this Decree, and shall be assigned the next in order claim number by the Federal Water Master, and shall be enforced by the Federal Water Master appointed by this Court pursuant to the General Provisions of this Decree, as amended.

13.     Review by this Court of the exercise of any administrative or regulatory jurisdiction over State of Nevada Permit Nos. 48061 and 48494 shall be de novo.

14.     Based upon Nevada State Engineer Ruling No. 5972 dated April 17, 2009, and as a result of Nevada Permit Nos. 48061 and 48494, the waters of the Truckee River and its tributaries in Nevada are hereby declared fully appropriated and closed to new appropriations.

15.     The General Provisions of the 1944 Decree are hereby amended to add the following:

(a)     By virtue of the United States' commencement of this action and by virtue of the Pyramid Lake Paiute Tribe's intervention as plaintiff in this action for all purposes, and both sovereigns being bound by the 1944 Decree of this     Court and the amendments to the Decree approved herein, said sovereigns have each acknowledged, and the Court hereby finds and declares, that said sovereigns are not immune from and are subject to the jurisdiction of this Court over petitions filed against them concerning disputes arising under this Decree, including petitions filed against said sovereigns for declaratory and prospective injunctive relief for disputes arising under the Truckee River Operating Agreement.  Such jurisdiction does not extend to any claim for money damages.

(b)     Although the State of Nevada was not a party to this action on the date of the entry of the 1944 Decree, its water rights were set forth therein and by virtue of the State of Nevada's intervention in this action for all purposes, and being bound by the 1944 Decree of this

Court and the amendments to the Decree approved herein, the State of Nevada has acknowledged, and the Court hereby finds and declares, that said sovereign is not immune from and is subject to the jurisdiction of this Court over petitions filed against it concerning disputes arising under this Decree, including petitions filed against said sovereign for declaratory and prospective injunctive relief for (I) disputes arising under the Truckee River Operating Agreement, and (ii) claims by any aggrieved party where such claims allege failure to comply with the allocations or any other provisions of Section 204(b) and Section 204(c) of the Settlement Act.  Such jurisdiction does not extend to any claim for money damages.

(c)      By virtue of the State of California's intervention in this action for the limited purposes of providing this Court with jurisdiction to hear and decide (I) petitions seeking judicial review of decisions by the Truckee River Special Hearing Officer that resolve disputes arising under the Truckee River Operating Agreement, and (ii) claims that allege failure to comply with the allocations or any other provisions of Section 204(b) and Section 204(c) of the Settlement Act, and being bound by the amendments to the Decree approved herein for those limited purposes, the State of California has acknowledged, and this Court hereby finds and declares, that said sovereign is not immune from and is subject to the jurisdiction of    this Court over petitions filed against it for declaratory and prospective injunctive relief for those two limited purposes.  Such jurisdiction does not extend to any claim for money damages.

(d)      The Eleventh Amendment waivers by the States of Nevada and California do not extend to any claim for money damages, nor to any claim of violation of state law or procedures.  Nor shall the waivers be construed to (i) alter the applicability of  state law or procedures to the water allocated to the States by the Settlement Act; (ii) alter the applicability of federal or state law or procedures to the supervision of safety of dams or to flood control; (iii) alter the applicability of any federal or state law or procedures in the Settlement Act; or (iv) abrogate the jurisdiction of, or

any required approvals by, the Nevada State Engineer, the California State Water Resources Control Board, or the federal or state agencies authorized or directed to implement or carry out such laws and procedures.  The Eleventh Amendment waivers by the States of Nevada and California shall not take effect until the Truckee River Operating Agreement has entered into effect and becomes operative.

16.     This Order shall become effective when the conditions required for the Truckee River Operating Agreement to enter into effect have been satisfied.

IT IS SO ORDERED.


DATED:  <u>30 September 2014</u>

                             LLOYD D. GEORGE
                    SENIOR UNITED STATES DISTRICT JUDGE